UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RFX, Inc., | ) |
|       Plaintiff, | ) |
| v. | ) Civil Action No. 21-cv-11612-AK |
| Florida Beauty Express, Inc., | ) |
|       Defendant. | ) |

MEMORANDUM AND ORDER

**A. KELLEY, D.J.**

Plaintiff RFX, Inc. ("RFX"), a licensed property broker that arranges for freight transportation by authorized motor carriers, brings this action against Defendant Florida Beauty Express, Inc. ("Florida Beauty"), alleging Florida Beauty has failed to pay, in part or in whole, multiple invoices for services rendered by RFX. Florida Beauty filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, Florida Beauty's Motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

As a licensed property broker, RFX, a Massachusetts corporation, arranges for motor transportation of freight by organizing the pick-up and delivery of freight tendered by a shipper. [Dkt. 1 ("Complaint") at ¶ 7]. Florida Beauty first engaged RFX's services to transport an order from California to Florida on or about January 1, 2021. [Id. at ¶ 8]. Upon completion of this shipment, RFX issued its standard "Freight Invoice" to Florida Beauty, which Florida Beauty paid. [Id. at ¶¶ 9, 11]. That Freight Invoice, along with all RFX Freight Invoices, stated that the services provided by RFX are "[s]ubject to Standard Terms of Service posted in our website at

1

www.rfxinc.com." [Id. at ¶ 10]. A hyperlink, clearly labeled and displayed on this homepage, leads to the Terms of Service. [Id. at ¶ 17]. Per the Terms of Service, shippers agree to pay RFX's Freight Invoices within ten days of the invoice date. [Id. at ¶ 18]. The Terms of Service also state that shippers "shall be liable for past due invoices which will accrue interest at 1.5% per month from due date, as well as interest, legal and collection costs, expenses and fees, including, but not limited to, legal fees." [Id. at ¶ 19]. Massachusetts law governs interpretation of the Terms of Service. [Id. at ¶ 21].

Florida Beauty engaged RFX for twenty-five additional deliveries between January 21 and February 3, 2021. [Id. at ¶ 12]. After each of these deliveries, RFX sent Florida Beauty a Freight Invoice, each containing the same language about the Terms of Service, which Florida Beauty paid. [Id.]. At no point did Florida Beauty object to RFX's Terms of Service. [See id. at ¶¶ 11-12].

Beginning on February 4, 2021, Florida Beauty began to make sporadic, partial payments on Freight Invoices, "sometimes leaving small balances, sometimes leaving large balances, sometimes leaving invoices unpaid altogether." [Id. at ¶ 13]. When RFX attempted to collect these overdue amounts, Florida Beauty "assure[d] full payment for past work completed while also engaging RFX for new work under the guise of developing a long-term business relationship." [Id. at ¶ 14]. At least for a time, RFX continued to serve Florida Beauty based on these representations. [See id. at ¶¶ 14-15]. As of the date this action was filed, Florida Beauty owed RFX approximately $150,000 on unpaid Freight Invoices. [Id. at ¶ 15].

RFX brings four claims related to Florida Beauty's failure to pay its Freight Invoices. First, RFX argues Florida Beauty breached its contract, as provided in the Terms of Service, by failing to pay its Freight Invoices in full and on time ("Count I"). [Id. at ¶¶ 22-25]. Second,

RFX alleges Florida Beauty breached the implied covenant of good faith and fair dealing contained in its contracts with RFX ("Count II"). [Id. at ¶¶ 26-32]. Third, RFX brings a claim for unjust enrichment ("Count III"). [Id. at ¶¶ 33-38]. Fourth, RFX contends Florida Beauty has violated Mass. Gen. Laws ch. 93A, §§ 2, 11 ("Count IV"). [Id. at ¶¶ 39-45]. RFX also seeks a declaratory judgment that it is entitled to recover all costs and expenses, including reasonable attorneys' fees, per its contracts with Florida Beauty ("Count V"). [Id. at ¶¶ 46-52].

Florida Beauty has filed a Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), seeking dismissal of Counts III, IV, and V for failure to state a claim satisfying Federal Rule of Civil Procedure 8(a). [Dkt. 8 ("Motion")].

**II. Legal Standard**

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must allege sufficient facts to state a claim for relief that is "plausible on its face" and actionable as a matter of law. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Reading the complaint "as a whole," the Court must conduct a two-step, context-specific inquiry. García-Catalán v. United States, 734 F.3d 100, 103 (1st Cir. 2013). First, the Court must perform a close reading of the complaint to distinguish factual allegations from conclusory legal statements. Id. Factual allegations must be accepted as true, while legal conclusions are not entitled to credit. Id. A court may not disregard properly pleaded factual allegations even if actual proof of those facts is improbable. Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). Second, the Court must determine whether the factual allegations present a "reasonable inference that the defendant is liable for the misconduct alleged." Haley v. City of Bos., 657 F.3d 39, 46 (1st Cir. 2011) (citation omitted). If the facts in a complaint are sufficient to state a cause of action, the motion to dismiss must be

denied. Back Beach Neighbors Comm. v. Town of Rockport, 535 F. Supp. 3d 57, 62 (D. Mass. 2021).

### III. Discussion

Florida Beauty maintains that RFX has failed to satisfy Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief," and therefore has failed to state claim for relief. See Fed. R. Civ. P. 12(b)(6). Florida Beauty avers that RFX's breach of contract allegations undermine RFX's claims for unjust enrichment (Count III) and unfair and deceptive practices (Count IV). [See Motion at ¶¶ 11, 15-16]. Florida Beauty also seeks dismissal of Count V for lack of standing. [Id. at ¶ 17]. RFX opposes the Motion, arguing that it alleges facts sufficient to establish a plausible claim to relief.[1]  [See generally Dkt. 11 ("Opposition")].

### A. Count III

Florida Beauty argues that Count III must be dismissed because RFX alleges a valid contract exists between the parties and therefore cannot state a claim for unjust enrichment. Florida Beauty, however, misreads RFX's Complaint. RFX states that Florida Beauty's

---

[1] RFX also contends that Florida Beauty's Motion should be summarily denied as untimely. [Opposition at 9-10]. There appears to be some disagreement about the agreed-upon deadline for Florida Beauty to file its responsive pleadings that the Court need not resolve at this time. [Id.; see Dkt. 6]. Even if Florida Beauty's Motion was untimely when filed, it was, at most, only one month delayed (and possibly timely filed). RFX has claimed no prejudice—and has not cited any authority for the relief sought—and the Court cannot identify any prejudice resulting from the delay. As such, the Court declines to deny the Motion as untimely. See Mitchell v. Mass. Dep't of Corr., 190 F. Supp. 2d 204, 216 (D. Mass. 2002) (refusing a plaintiff's request to deny the defendant's motion to dismiss as untimely where the plaintiff "alleged no prejudice as a result" of the delay and there were no "adverse effects"). However, counsel shall be mindful of deadlines moving forward. RFX also argues the Court should deny Florida Beauty's Motion for failing to comply with Local Rule 7.1, which requires counsel to "certify that they have conferred and have attempted in good faith to resolve or narrow the issue." [See Opposition at 10-12]. Florida Beauty filed a certification the day after it filed its Motion, stating counsel attempted to communicate with RFX's counsel on December 23, 2021. [See Dkt. 9]. Although RFX takes issue with the timing and substance of this communication—around the Christmas holidays and via email—the Court finds these complaints insufficient to warrant summarily denying Florida Beauty's Motion. See United States v. Roberts, 978 F.2d 17, 20 (1st Cir. 1992) ("A district court possesses great leeway in the application and enforcement of its local rules."). Still, the Court expects better communication between counsel in the future.

"repeated promises to pay the outstanding RFX Freight Invoices in full so long as RFX continued to engage with Defendant for new [o]rders is a separate and enforceable implied contract." [Complaint at ¶ 34].  These promises—not the Freight Invoices, which form the basis of the contract claims—underlie Count III, as RFX alleges Florida Beauty was unjustly enriched when it refused to pay the Freight Invoices in full but continued to "reap[] the benefit of RFX continuing to engage in order fulfillment" on the basis of these promises.  [Id. at ¶ 36].  As such, Count III is separate and distinct from RFX's contract claims.  And even if it were not, it is accepted practice to pursue both breach of contract and unjust enrichment claims at the pleading stage.  Lass v. Bank of Am., 695 F.3d 129, 140 (1st Cir. 2012); Vieira v. First Am. Title Ins. Co., 668 F. Supp. 2d 282, 294-95 (D. Mass. 2009) (noting that Federal Rule of Civil Procedure 8(d) permits plaintiffs to "plead alternative and even inconsistent legal theories, such as breach of contract and unjust enrichment" even where plaintiffs can "only recover under one of these theories").  The Motion is denied as to Count III.

 **B. Count IV**

Florida Beauty contends that RFX has failed to allege a valid claim under Mass. Gen. Laws ch. 93A, §§ 2, 11 ("Chapter 93A"), because a "false promise of payment" is "merely another claim for breach of contract, conduct insufficient to constitute an unfair or deceptive act."  [Motion at ¶ 15].  Chapter 93A makes it "unlawful for those engaged in trade or commerce to employ 'unfair methods of competition and unfair or deceptive acts or practices' in business transactions with others engaged in trade or commerce."  Arthur D. Little, Inc. v. Dooyang Corp., 147 F.3d 47, 55 (1st Cir. 1998) (quoting Mass. Gen. Laws ch. 93A, §§ 2, 11).  While "a breach of contract standing alone is not sufficient as a matter of law to support a [Chapter] 93A violation," a breach that is "knowing and intended to secure 'unbargained-for benefits' to the

5

detriment of the other party" is.  T. Butera Auburn, LLC v. Williams, 986 N.E.2d 404, 414 (Mass. App. Ct. 2013) (citation omitted).

RFX alleges Florida Beauty "unfairly and deceptively strung RFX along by continuing to assure full payment for past work completed while also engaging RFX for new work under the guise of developing a long-term business relationship." [Complaint at ¶ 14].  In other words, RFX claims that Florida Beauty made "false promises of payment" and assurances that it was "working toward establishing a long-term business relationship" with RFX "in order to induce RFX to continue fulfilling orders" though Florida Beauty did not intend to pay.  [See id. at ¶¶ 42, 44].  Contrary to Florida Beauty's assertions, "[s]tringing someone along with false promises of payment to induce further performance . . . is a classic 93A violation."  Worldcare Clinical, Inc. v. Bracco Diagnostic, Inc., No. 053218, 2007 WL 2367642, at *4 (Super. Ct. Mass. July 23, 2007) (finding that the defendant's conduct was "knowingly and willfully unfair and deceptive" where the defendant induced the plaintiff "to continue to provide services by repeated promises of continued payment and the provision of extended term contracts, when in fact it had no intention to pay plaintiff anything further or to enter into new or extended contracts"); see Arthur D. Little, 147 F.3d at 55-56 (affirming the district court's finding that the defendant engaged in "unfair or deceptive" practices by "repeatedly promising to pay, not doing so, stringing out the process, and forcing [the plaintiff] to sue" to "extract a favorable settlement"); Cmty. Builders, Inc. v. Indian Motocycle Assocs., Inc., 692 N.E.2d 964, 978 (Mass. App. Ct. 1998) (finding evidence of unfair and deceptive practices where the defendant "withheld payment unconscionably, stringing [the plaintiff] along in performing more services, but refusing substantial payments, all with a purpose of coercing [the plaintiff] to settle for substantially less compensation than the parties had agreed to before the services were performed").  While the

"[s]pecific factual nuances of a case may require elaboration through discovery and development at trial," RFX's allegations are sufficient to state a plausible Chapter 93A claim at this stage of litigation. Brand Group Intern., LLC v. Established Brands Intern., Inc., No. 10-cv-11783-JLT, 2011 WL 3236078, at *4 (D. Mass. July 26, 2011) (denying a motion to dismiss a Chapter 93A claim where the plaintiff alleged the defendant "made repeated misrepresentations and false promises in order to induce [the plaintiff] to continue to secure distribution contracts on [the defendant's] behalf" even where the plaintiff's Chapter 93A claim was "based on some of the same allegations as its breach of contract claim"). The Motion is denied as to Count IV.

### C. Count V

RFX seeks a declaratory judgement that its alleged contractual term providing that Florida Beauty is liable for "interest, legal and collection costs, expenses and fees, including but not limited to, legal fees incurred by RFX" in connection with past due invoices is enforceable and RFX is "entitled to recover . . . all costs and expenses, including reasonable attorneys' fees, incurred by RFX to prosecute this action and enforce the terms of each Freight Invoice." [Complaint at ¶¶ 46-52]. Florida Beauty argues that Count V must be dismissed because no actual controversy exists and RFX does not have standing to seek a declaratory judgment on this issue. [Motion at ¶ 17]. According to Florida Beauty, there is no actual controversy warranting a declaratory judgment because RFX does not have a "definite interest" in the collection of interest and legal fees until there is a judgement in favor of RFX. [Id. at ¶¶ 21-23]. Similarly, Florida Beauty claims that RFX does not have standing to request a declaratory judgment because RFX's "decision to bring a lawsuit does not automatically constitute injury in the form of legal expenses until the dispute has been fully adjudicated." [Id. at ¶ 25]. RFX counters that Florida Beauty's refusal to pay the Freight Invoices establishes an actual controversy as to the

application of the Terms of Service and that Florida Beauty's refusal to pay, and RFX's consequential need to incur costs, establishes an injury-in-fact sufficient to confer standing where the contract provision providing for legal fees is not conditioned on the outcome of the litigation.  [Opposition at 8-9; see Complaint at ¶ 50].

The Declaratory Judgment Act provides that "[i]n a case of actual controversy within its jurisdiction," a federal court may "declare the rights and other legal relations of any interested party seeking such a declaration, whether or not further relief is or could be sought."  28 U.S.C. § 2201(a).  Whether a "case of actual controversy" exists relies on "whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment."  MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 127 (2007) (citing Md. Cas. Co. v. Pac. Coal & Oil Co., 312 U.S. 270, 273 (1941)).  RFX's claim that Florida Beauty has failed to pay its Freight Invoices does not suffice to establish the need for a declaratory judgment as to legal fees.  See EMC Corp. v. Chevedden, 4 F. Supp. 3d 330, 334 (D. Mass. 2014) (citing Summers v. Earth Island Inst., 555 U.S. 448, 493 (2009)) ("Furthermore, when a plaintiff requests more than one remedy, it bears the burden to show standing 'for each type of relief sought.'").  There is neither a case of actual controversy warranting a declaratory judgment nor an injury-in-fact sufficient to confer standing as to any contractual legal costs unless and until Florida Beauty refuses to pay such costs.  See Lujan v. Defs. of Wildlife, 504 U.S. 555, 560 (1992) (citations omitted) (explaining that an injury-in-fact is an "invasion of a legally protected interest" that is "concrete and particularized" and "actual or imminent," not "conjectural" or "hypothetical").  RFX may invoke the legal fees provision in its Terms of Service if and when it moves for attorney fees in this action; there is no need to consider its

scope and enforceability before then.  The Court grants the Motion as to Count V.

## IV. Conclusion

For the foregoing reasons, Florida Beauty's Motion to Dismiss Counts III, IV, and V is **GRANTED IN PART** and **DENIED IN PART**.  Florida's Beauty's Motion to Dismiss Count V is **GRANTED**, and its Motion to Dismiss Counts III and IV is **DENIED**.

IT IS SO ORDERED.

Dated: May 18, 2022  /s/ Angel Kelley
Hon. Angel Kelley
United States District Judge